## RIVERO ET AL. *v.* HERNÁNDEZ ET AL.

APPEAL from the District Court of San Juan, Section 1.

No. 848.—Decided December 20, 1912.

DOMINION TITLE PROCEEDINGS—FALSE ALLEGATIONS—CITATION OF FORMER OWNERS—PUBLICATION OF EDICTS.—The citation of former owners or parties in interest and the publication of edicts in due form are indispensable requisites to the validity of dominion title proceedings. The falsity of the allegations in proceedings for a dominion title is sufficient to annul said proceedings.

ID. — FORMER OWNERS OR PARTIES IN INTEREST WHO ARE MINORS — PERSONAL SUMMONS—PUBLICATION OF EDICTS—FISCAL.—In all dominion title proceedings where the former owners or parties in interest are known and are within the jurisdiction, it is indispensable to summon them personally although they may be minors and have no guardian. Such omission cannot be supplied by the summoning and appearance of the *fiscal* or by the publication of edicts.

ID.—NECESSARY PARTIES.—The defendants are the only necessary parties to this suit because they instituted the dominion title proceedings and obtained a decision in their favor decreeing the dominion title.

ID.—PREVIOUS DEMAND UPON DEFENDANTS.—In an action to annul dominion title proceedings it is unnecessary for the plaintiff to make a previous demand upon the defendant, it being sufficient in order to commence the action to file the complaint and serve the summons.

ID.—PRESCRIPTION—GOOD FAITH.—Good faith is an indispensable requisite in order to acquire dominion title by means of the ordinary period of prescription. It is doubtful whether the defendants can urge ordinary prescription against this action as the application for a dominion title was not based on that ground.

COSTS—PRAYER FOR COSTS—DISCRETION OF COURT.—Although the complaint may not pray for costs the trial court has discretional power to tax the same and costs generally follow the judgment.

The facts are stated in the opinion.

*Mr. Manuel Moraza* for appellants.

*Mr. Francisco Ramírez de Arrellano* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The sole object of this suit brought by María del Rivero Hernández and Benito del Rivero Hernández was the cancellation of an *expediente* or title of dominion obtained by the defendants, Mariano and Gregorio Hernández. The complainants claimed to be the sole and universal heirs of their mother and maintained that their said mother was the heir

of the complainants' grandmother and great-grandmother. There is no dispute over the identity of the property. The court below found in favor of the complainants.

The defendants and appellants admitted in their pleadings and at the trial that the complainants would, except for a certain contingency, have been entitled by inheritance to own and hold 45 of the 200 acres for or over which the defendants obtained a dominion title, but they maintained that the person from whom the complainants would have derived title, namely, Saturnina Hernández, the mother of the complainants, in conjunction with her husband, Justo del Rivero Larreguí, conveyed the said 45 acres to Don Ramón Hernández for the purpose of having the last named pay various debts of the said Justo del Rivero Larreguí.

Ramón Hernández was the father of the defendants and grandfather of the complainants. The defendants maintained that the writing or deed by which this conveyance took effect was lost, and at the trial produced witnesses to show its contents. These witnesses testified to a conveyance at the date of the celebration of a certain baptism and not at the baptism itself, but the complainants produced a paper writing, executed about the time of the baptism itself, which tended to negative and disprove the theory of the defendants' case.

This paper writing, bearing date October 1, 1885, contains references to three of the persons who were supposed to have intervened in the conveyance to Ramón Hernández, and while the document is a little confused and mentions certain debts of Justo del Rivero Hernández which were to be paid, in no event could the said document be considered as a deed of bargain and sale, for it was not signed by Saturnina Hernández and no mention is made therein of the property belonging to her, the 45 acres derived from her mother and grandmother. There was a conflict in the proof, and the court found in favor of the complainants, and no reason is shown which would require us to reverse that finding.

Furthermore, the complainants are likewise grandchildren

of Ramón Hernández, and the property in question would belong to his succession, of which the complainants form a part jointly with the defendants and others. We agree with the court below in its reasoning as here more briefly set forth, and we also agree with it when it says that the dominion title must be canceled because of its defects, the complainants, as owners, being entitled to bring the action of nullity. The court also found that within the space of three months the same defendants had presented two applications for a dominion title, in which the sources of title were radically different, without any attempt being made in the second application to explain the divergence.

The second application was the one that was granted, and the court found the dominion title to be void principally because of the falsity of part of some of the claims and because the prior owners or their privies were not cited. Among these privies were the complainants, and likewise the heirs of Carmen Hernández, a sister of the defendants. Another ground of nullity was the failure of the defendants to publish edicts in the proper form.

In spite of the discrepancy between the two applications and the divergence of defendants' testimony at the trial to which the court refers, it is possible that the defendants might have been held to be acting in good faith, although not entirely certain of their ground, but under all the circumstances of the case the court which heard the witnesses would have been entitled, in favor of the real owners, to cancel the title on the sole ground of the false recitals in the application.

However, the failure to cite personally was another serious defect. The appellants attempt to excuse their failure to cite personally their nephew and niece, the complainants herein, because they were minors at the time, without guardian or tutor of any kind, and because the *fiscal* was named in the proceedings.

The fact that certain persons with claims to property are minors does not excuse the failure to cite personally or take

some other step to bring such minors before the court. These minors were well known to the defendants, and before the latter were entitled to proceed with their application, either a personal service or the naming of a guardian *ad litem* was necessary. It is unnecessary for us to decide what was the proper method, as the defendants did not elect any. In an application for a dominion title where former owners are known and within the jurisdiction, a personal service or its equivalent is indispensable. A publication by edicts is not an equivalent. Neither was the citation and appearance of the *fiscal* an equivalent. He was not notified of the existence of the minors. Nor de we see any excuse for the failure to cite the heirs of Carmen Hernández.

It was probably true that she had conveyed her shares in the estate to the defendants, but one of the objects of the law is to give her or her heirs an opportunity to deny that fact. We think that the law in this regard must be strictly followed, because by the citation of former owners, even if they have no claims, a notoriety is given to the proceedings which is one of the purposes of the law to conserve. It is evident in this case that by the citation of any of their near relatives, as were the children of Carmen, the application of the defendants might have been brought to the notice of the complainants.

The appellants complain of errors because Carmen Hernández and others were not made parties to the action. We do not see that she or any other member of the succession was a necessary party. The complainants found a title of dominion as an obstacle to the enforcement of their rights which they wanted cleared. The only persons who had an interest in maintaining that obstacle, namely, the dominion title, were the defendants.

The failure to make a previous demand on the defendants is likewise assigned as error. Under our present procedure we doubt if in most actions any previous demand is necessary unless specifically required by the Civil Code, the filing of

the suit being demand enough, but it is unnecessary to decide that point generally. The complainants in this action are not seeking a devolution of their property. They are asking the court to avoid its previous action, and for that purpose no further demand was obligatory than the service of process on the defendants.

The defendants also set up that they had shown a prescriptive right to the property by the lapse of six years or more. We think that, considering these close relatives, the variant and inconsistent applications of the defendants, their manner of holding and finally their manner of obtaining the dominion title, that the court was justified in finding against them the element of good faith, without which acquisitive or ordinary title by prescription cannot arise. Furthermore, we question if ordinary prescription can be urged against this action, especially as the application for a dominion title was not based on that ground.

The appellants also alleged error because the court failed to grant their petition based on the proceedings of another action between the same parties and on the same cause of action. In the answer, however, the only pending action described is one for the cancellation of a release of September 5, 1884. There was no other action for the cancellation of the dominion title.

Appellants allege error or abuse of discretion in the awarding of costs, inasmuch as the complaint did not pray for them. The court, however, has a discretion in the matter and costs generally follow the judgment.

We find no error and the judgment must be affirmend.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.